*United States v. Vasquez-Drew*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-three.

Present:

> GUIDO CALABRESI,
> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                                          20-3195

PERCY ARTURO VASQUEZ-DREW, AKA SEALED DEFENDANT 1,

> *Defendant-Appellant*,

OSVALDO LONDONO-VANEGAS, AKA SEALED DEFENDANT 2, VICTOR ROJAS-BASCOPE,

> *Defendants*.[1]

---

| | |
|---|---|
| For Appellee: | SAM ADELSBERG (Matthew Hellman, David Robles, & Won S. Shin, *on the brief*), for Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

---

[1] The Clerk of Court is directed to amend the caption as above.

1

For Defendant-Appellant:                    MATTHEW B. LARSEN, Federal Defenders of New York, New York, NY.

As *Amicus Curiae*:                         TADHG DOOLEY (Emmett Gilles, *on the brief*), Wiggin and Dana LLP, New Haven, CT.

For the Plurinational State of Bolivia       Marcus A. R. Childress, Jenner & Block LLP,
as *Amicus Curiae*:                          Washington, DC (Nicole R. Allicock, Jenner & Block LLP, Washington, DC; Anthony S. Barkow, Brian J. Fischer, Adina Hemley-Bronstein, Jenner & Block LLP, New York, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on September 11, 2020, is **VACATED** and **REMANDED** for resentencing by a different district judge.

Percy Arturo Vasquez-Drew appeals from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*) convicting him, upon a guilty plea, of one count of conspiring to import narcotics into the United States in violation of 21 U.S.C. §§ 812, 959(a), 959(d), 960(a)(3), and 960(b)(1)(B)(ii) and sentencing him to 120 months' imprisonment.  We assume the parties' familiarity with the case.

Vasquez argues, and the government agrees, that his sentence should be vacated because a reasonable observer could interpret the district court's comments at sentencing to suggest that the court improperly relied on his Bolivian nationality in determining punishment.  Because the government supports vacatur, we appointed Tadhg Dooley to defend the judgment below as *amicus curiae*.  He has ably discharged his duties, and the Court thanks him for his service.

At sentencing, the district court, noting that the undisputed facts suggested that Vasquez had taken part in "a very significant crime," said that it was "going to impose a very long sentence

2

on the defendant, principally motivated by concerns about appropriate punishment, but also general deterrence." App'x 53. "It is important," the court continued, "that the people in Bolivia understand the kind of sentences that are potentially imposed here from engagement in activity to send cocaine into America." App'x 53.

"It has long been settled in this Circuit that although reference to national origin and naturalized status is permissible during sentencing, it is allowed only so long as it does not become the basis for determining the sentence." *United States v. Kaba*, 480 F.3d 152, 156 (2d Cir. 2007) (cleaned up). We review *de novo* "whether the district court improperly considered the defendant's national origin." *Id*. at 156–57. "[E]ven the appearance that the sentence reflects a defendant's race or nationality will ordinarily require a remand for resentencing." *Id*. at 156 (quoting *United States v. Leung*, 40 F.3d 577, 586 (2d Cir. 1994)).

In this case, we are confident, as all the parties agreed, that the experienced district judge harbored no actual bias against Vasquez based on his nationality. At the sentencing hearing, the government described Vasquez as part of "a network of military officials, airport security officials, and others" in Bolivia who worked together to send cocaine to the United States. App'x 44. It urged the court to demonstrate to "the defendant and others similarly situated" that drug dealers "who sell such poison from afar by lining the pockets of corrupt officials along the way will face significant consequences if and when they are caught." App'x 44. The district court's reference to "the people in Bolivia" followed that request and may well have been intended to refer specifically to Vasquez's fellow conspirators. App'x 53.

Even so, our precedents constrain us to conclude that there is "a sufficient risk that a reasonable observer, hearing or reading" the district court's remarks, "might infer, however incorrectly" that Vasquez's nationality played a role in determining his sentence. *Leung*, 40 F.3d

3

at 586–87.  Although we are confident that the district court could properly resentence Vasquez on remand, the appearance of justice will be better satisfied by following our usual practice and assigning the resentencing to a different judge.  *See Kaba*, 480 F.3d at 159.

We therefore **VACATE** Vasquez's sentence and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk